**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH A. SHERMAN, | No. 08-16136 |
| Plaintiff - Appellant, | D.C. No. 2:04-CV-02320-LKK-EFB |
| v. | |
| CITY OF DAVIS, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Joseph A. Sherman appeals pro se from the district court's judgment in his

42 U.S.C. § 1983 action alleging constitutional violations arising from several

arrests.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008) (failure to state a claim); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly dismissed the false imprisonment and false arrest claims because these claims necessarily implied the invalidity of Sherman's convictions, which had not been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Similarly, the district court properly granted summary judgment on the excessive force claim as barred by *Heck*. *See Smith v. City of Hemet*, 394 F.3d 689, 699 n.5 (9th Cir. 2005) (en banc) (explaining that a jury-trial conviction for resisting arrest, pursuant to Cal. Penal Code § 148(a)(1), "necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of his conviction").

The district court properly granted summary judgment on the claims that police lacked probable cause to arrest Sherman, because Sherman failed to raise a triable issue as to whether probable cause was lacking. *See Maag v. Wessler*, 960 F.2d 773, 775-76 (9th Cir. 1991).

The district court did not abuse its discretion in denying Sherman's motion to amend his complaint a second time because amendment would have been futile or caused undue delay. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Sherman's remaining contentions are unpersuasive.

Sherman's "motion for decision for plaintiff" is denied.

**AFFIRMED**.